UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL SABINO,

                Petitioner,

-against-

WARDEN OF GRVC; NYC DEPT. OF CORRECTION (NYC-DOC),

                Respondents.

25-CV-4285 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

      Petitioner Saul Sabino, who is currently held in the George R. Vierno Center on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. Petitioner challenges ongoing criminal proceedings in Queens County Supreme Court charging him with robbery.[1] Petitioner seeks dismissal of the charges against him on the grounds that his Fifth, Sixth, and Eighth Amendment rights have been violated. (ECF No. 1 at 2, 8.) By Order dated May 23, 2025, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) For the reasons set forth below, the Court denies the petition and dismisses this action without prejudice, but grants Petitioner 30 days' leave to replead his claims in an amended petition.

**STANDARD OF REVIEW**

      A state pretrial detainee may challenge the legality of his detention in a petition for a writ of *habeas corpus* on the ground that "[h]e is in custody in violation of the Constitution or laws or

---

[1] According to the "Person in Custody Lookup Service" on the New York City Department of Corrections website, https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf, Petitioner was arrested on March 27, 2025 and has remained in custody since his arrest.

treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and to "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the [petition] that the . . . person detained is not entitled [to such relief]." 28 U.S.C. § 2243.

The Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (noting that the obligation to construe *pro se* pleadings liberally extends to the review of *habeas corpus* petitions). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner seeks relief in his state court criminal proceeding. Petitioner alleges that his arrest was illegal, and that his pretrial detention is cruel and unusual punishment under the Eighth Amendment because his father has cancer. (ECF No. 1 at 2, 7.) In addition, Petitioner alleges that he requested and was denied his right "to testify at the Grand Jury" in violation of the "5th[,] 6th [and] 14[th] Amendments" and that "an indictment was obtained in violation of [his] U.S. Constitutional rights to due process." (*Id.* at 2, 8.)

Petitioner asserts that at his first meeting with appointed counsel, he informed her that he "only [found] the wallet on the floor" and "never rob[bed] anyone." (*Id.* at 7.) Appointed counsel then shared this information with the judge and prosecutor, violating Petitioner's Fifth Amendment right against self-incrimination. (*Id.*) After irreconcilable differences arose between

2

himself and appointed counsel, Petitioner requested the appointment of new counsel. (*Id.* at 6.) Instead of appointing new counsel, the court "kick[ed] [Petitioner] out [of] the courtroom in violation of [his] 5th [and] 6[th] Amendment rights to counsel." (*Id.*)

Petitioner asserts that on April 24, 2025—22 days before this Court received the present petition on May 16, 2025—he filed a petition for a writ of *habeas corpus* in Bronx County Supreme Court asserting the same grounds that he asserts in the present petition. (*Id.* at 2.) He alleges that he has received no response from that court. (*Id.*)

## DISCUSSION

The Court denies the present petition because Petitioner has not shown that he has exhausted the available state court remedies before bringing this action in this court. In some circumstances, a state pretrial detainee may challenge the constitutionality of his detention in federal court, in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (collecting cases). A Section 2241 petition cannot, however, be used to "derail[] . . . a pending state proceeding by . . . attempt[ing] to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973), *see also Allen v. Maribal*, No. 11-CV-2638, 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2001) (noting that federal *habeas corpus* is not to be converted into a "pretrial motion forum for state prisoners" (quoting *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982)).

Before seeking *habeas corpus* relief under Section 2241, a state pretrial detainee must first exhaust his available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While . . . Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law

3

has superimposed such a requirement in order to accommodate principles of federalism."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Therefore, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* An exception to the exhaustion requirement exists only when: "(1) [the petitioner] establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law . . . or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." *Robinson*, 2012 WL 1965631, at *2 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

In order to exhaust his available state court remedies, Petitioner must seek *habeas corpus* relief in the New York State courts and, if necessary, appeal all the way up to the New York Court of Appeals, New York State's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq*. Although Petitioner alleges that he filed a petition for a writ of *habeas corpus* in Bronx County Supreme Court on April 24, 2025, Petitioner does not assert that he has fully exhausted the state court *habeas* process. Moreover, the Court notes that Petitioner allegedly filed this petition in Bronx County court, rather than Queens County court, where his criminal proceeding is pending.

The Court therefore denies the petition and dismisses this action without prejudice for failure to exhaust available state court remedies. In an abundance of caution, the Court grants Petitioner 30 days' leave to replead his claims in an amended petition. If Petitioner files an amended petition, he must allege facts to show that this Court can consider his federal *habeas corpus* action, despite his failure to exhaust available state court remedies, under one of the exceptions to the exhaustion requirement discussed above. If Petitioner does not file an amended

petition within 30 days, the Court will direct the Clerk of Court to enter a judgment denying his petition and dismissing this action.

## CONCLUSION

The Court denies Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2241 and dismisses this action without prejudice due to Petitioner's failure to show that he has exhausted available state court remedies. The Court grants Petitioner 30 days' leave to replead his claims in an amended petition.

Because Petitioner has not made a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 29, 2025
New York, New York          /s/ Kimba M. Wood

                                                            KIMBA M. WOOD
                                        United States District Judge