UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAUL SABINO,<br><br>                              Petitioner,<br><br>         -against-<br><br>WARDEN OF GRVC; NYC DEPT. OF CORRECTION (NYC-DOC),<br><br>                              Respondents. | 25-CV-4285 (KMW)<br><br>ORDER OF DISMISSAL |

KIMBA M. WOOD, United States District Judge:

Petitioner Saul Sabino, who is currently held in the George R. Vierno Center on Rikers Island, filed a *pro se* petition for a writ of *habeas corpus* relief under 28 U.S.C. § 2241. (ECF No. 1.) By Order dated July 29, 2025, the Court denied the petition and dismissed this action without prejudice due to Petitioner's failure to show that he had exhausted available state court remedies. (ECF No. 5.) The Court, however, granted him 30 days' leave to replead his claims in an amended petition. (*Id.*) On September 8, 2025, the Court received from Petitioner his "Replead Writ of Habeas Corpus Under 28 U.S.C. § 2241" (ECF No. 6), which the Court construes as Petitioner's amended petition for a writ of *habeas corpus*, filed in response to the Court's July 29, 2025 Order. For the reasons set forth below, the Court denies Petitioner's amended petition and dismisses this action without prejudice without further leave to replead.

**STANDARD OF REVIEW**

A state pretrial detainee may challenge the legality of his detention in a petition for a writ of *habeas corpus* on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and to "award the writ or issue an order directing the respondent to show cause why the

writ should not be granted, unless it appears from the [petition] that the . . . person detained is not entitled [to such relief]." 28 U.S.C. § 2243.

The Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them "to raise the strongest arguments they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (noting that the obligation to construe *pro se* pleadings liberally extends to the review of *habeas corpus* petitions). Nevertheless, a *pro se* litigant is not exempt "'from compliance with relevant rules of procedural and substantive law.'" *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

In the Court's July 29, 2025 Order, the Court recognized Petitioner as a state pretrial detainee seeking Section 2241 *habeas corpus* relief from this court while his state criminal proceedings were pending in the Queens County Supreme Court. (*See* ECF No. 5, at 1, 2-3.) The Court determined that, even though Petitioner had alleged that he had filed a petition for a writ of *habeas corpus* in the Bronx County Supreme Court, he did not assert that he had fully exhausted the state court *habeas* process. (*Id.* at 4.) Although the Court denied Petitioner's original Section 2241 petition and dismissed this action without prejudice due to Petitioner's failure to show that he had exhausted his available state court remedies, the Court granted Petitioner leave to file an amended petition "to show that this Court can consider his federal *habeas corpus* action, despite his failure to exhaust available state court remedies." (*Id.*) Specifically, the Court granted him leave to replead to show that he is excused from the requirement to exhaust available state court remedies before seeking Section 2241 *habeas corpus*

2

relief under one of the recognized exceptions to that exhaustion requirement that the Court specified in that Order.  (*Id.*)  The Court made clear that:

> [a]n exception to the exhaustion requirement exists only when: "(1) [the petitioner] establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law . . . or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice."

(*Id.*) (quoting *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012)).

"Where a [petitioner] has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the [petitioner] can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *DiSimone v. Phillips*, 461 F.3d 181, 190-91 (2d Cir. 2006) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  With respect to the cause-and-prejudice exception:

> [t]here are two related ways to establish "cause." First, the cause requirement is met if some objective factor, external to Petitioner's defense, interfered with his ability to comply with the state's procedural rule.  An example of such an objective impediment is "a showing that the factual or legal basis for a claim was not reasonably available to counsel" at the time of trial.  Second, futility may constitute cause "where prior state case law has consistently rejected a particular constitutional claim."  But "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."
>
> The "prejudice" requirement is met by establishing "actual prejudice resulting from the errors of which [Petitioner] complains."  The error must have resulted in "substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."

*Gutierrez v. Smith*, 702 F.3d 103, 111-12 (2d Cir. 2012) (citations omitted).  This exception does not apply when "unexhausted state collateral appeal procedures remain for [the] petitioner's claim[s]."  *Ruzas v. Sullivan*, 607 F. Supp. 60, 62 (S.D.N.Y. 1985) (holding that it was "premature to reach the issue" as to whether cause and prejudice excused exhaustion when "unexhausted state collateral appeal procedures remain for [the] petitioner's claim").

With respect to actual innocence, it "means factual innocence, not mere legal insufficiency. To demonstrate actual innocence a habeas petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (internal quotation marks and citations omitted). "[C]onsideration of . . . [such] allegations is premature" when a "[c]ourt has not determined . . . that [the petitioner] has procedurally defaulted on [his] claims." *Baltas v. Comm'r of Corr.*, No. 3:22-CV-0571, 2022 WL 17737778, at *6 (D. Conn. Dec. 16, 2022).

Petitioner, in his amended petition, alleges nothing to suggest that any of the abovementioned exceptions to the exhaustion requirement apply here. Petitioner merely asserts that "requiring 'exhaustion' would subject him to 'irreparable injury' because . . . [his] grounds [for Section 2241 *habeas corpus* relief in his amended petition] show[] his innocence." (ECF No. 6, at 1.) Petitioner then states that one "photo array says [he] is not the suspect, but then a second photo array says [he] is the suspect." (*Id.*) He also states that "the state court knows this and continues this illegal case against" him. (*Id.*) Petitioner further states that a police detective who originally identified him as a suspect "from a bad blur[r]y video" later stated that "'he was unable to make a positive identification.'" (*Id.*) Petitioner insists that "the state court is not providing a just [and] fair court proceeding[]" and requests that this Court hold that exhaustion of state court remedies would be futile. (*Id.*) In addition, Petitioner asserts that the state court violated his federal constitutional rights as to the bail it set for his release because it did not consider Petitioner's financial situation, that Petitioner's father has been diagnosed with cancer, or Petitioner's father's financial situation. (*Id.* at 2.) Petitioner can assert all of his grounds for relief in the trial court and, if unsuccessful there, may do so on direct appeal, in the New York Supreme Court, Appellate Division, Second Department, *see* N.Y. Crim. Proc. Law.

4

§§ 460.10(1); 460.70.  Petitioner may then seek leave to appeal from the New York Court of Appeals, New York State's highest court, *see* N.Y. Crim. Proc. Law §§ 460.10(5); 460.20.

## CONCLUSION

Because Petitioner does not show cause and prejudice or actual innocence to excuse his failure to exhaust available state court remedies, the Court denies Petitioner's amended petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241, and dismisses this action without prejudice and without further leave to replead.

Because Petitioner has not made substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.  *See* 28 U.S.C. § 2253.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this Order.

SO ORDERED.

Dated:   November 10, 2025
         New York, New York                              /s/ Kimba M. Wood
                                                         _____
                                                         KIMBA M. WOOD
                                                         United States District Judge